UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 21-190-DMG (SHKx) | Date | March 16, 2021 |
|---|---|---|---|
| Title | *Ryan Matthew Burd v. James R. Hefflin* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

On January 27, 2021, Plaintiff Ryan Burd filed a Request for Civil Harassment Restraining Order in Riverside County Superior Court against Defendant James Hefflin. On February 2, 2021, Defendant removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. [Doc. # 1]. This case is related to two other cases involving similar Requests for Civil Harassment Restraining Order filed by Burd and another individual, Chase Daniel Daugherty, against Defendant on October 5, 2020. Defendant removed both of those cases to this Court, and the Court remanded both to Riverside County Superior Court for lack of subject matter jurisdiction. *See Burd v. Hefflin*, CV 20-2410-DMG (SHKx) (C.D. Cal. 2020) [Doc. # 15]; *Daugherty v. Hefflin*, CV 20-2496-DMG (SHKx) (C.D. Cal. 2020) [Doc. # 10].

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Request for Civil Harassment Restraining Order attached to Defendant's Notice of Removal does not state the reason why Plaintiff sought or obtained the restraining order or provide any facts raising issues of federal law. Without any federal questions appearing on the face of Plaintiff's pleading, Defendant cannot establish that the Court would have had original jurisdiction over this case had it been filed in federal court. *See* 28 U.S.C. § 1441(a); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

It is evident from the Notice of Removal and Plaintiff's pleading that the Court lacks federal question jurisdiction over the action. In addition, Defendant does not allege that diversity jurisdiction exists. Without any basis for subject matter jurisdiction, the Court **REMANDS** this action to Riverside County Superior Court. The Court also warns Defendant that although he is

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |

| Case No. | ED CV 21-190-DMG (SHKx) | Date | March 16, 2021 |
|---|---|---|---|

| Title | *Ryan Matthew Burd v. James R. Hefflin* | Page | 2 of 2 |
|---|---|---|---|

proceeding *pro se*, he is still subject to the Federal Rules of Civil Procedure and Local Rules. *See* C.D. Cal. L.R. 83-2.2.3. Further frivolous removals of actions which clearly fail to state federal claims may result in sanctions or other measures designed to discourage vexatious litigation under the Local Rules. *See* C.D. Cal. L.R. 83-7, 83-8.

**IT IS SO ORDERED.**